UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAN GONGORA, | ) | CASE NO. 5:14-cv-2325 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| 1ST SECURITY SERVICES OF OHIO CORPORATION, et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal (Doc. No. 30, filed under seal), which seeks the Court's approval of a confidential settlement agreement resolving the plaintiff's claims filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Ohio statutory law. For the reasons that follow, the settlement is approved and the parties' joint motion is granted.

I. BACKGROUND

In this action, filed on October 17, 2014, plaintiff Dan Gongora ("plaintiff" or "Gongora") sought to recover on his own behalf, and on behalf of others similarly situated, overtime pay alleged to have been earned by him and owed to him by his former employer defendant 1st Security and defendant Daniel Lanzalaco, the CEO/President of 1st Security (collectively "defendants"). Plaintiff also sought damages for alleged retaliation and other injunctive relief. In their answer, defendants denied that plaintiff is entitled to recover under the FLSA or Ohio law. Following the parties' stipulation of conditional certification and notice to

putative plaintiffs, six additional plaintiffs filed consents to join the lawsuit. *See* Doc. Nos. 25, 27.

On May 13, 2015, after conducting discovery, the parties sought leave to file under seal a joint motion for approval of a confidential settlement agreement. (Doc. No. 28.) The Court granted the motion, and the parties filed the joint motion (Doc. No. 30) that is presently before the Court.

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov.*, Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id*.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear

FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id*. (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement.[1] *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson,* 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the instant action presented bona fide disputes. Plaintiff maintains that he was, at all times, an hourly employee, who was entitled to overtime compensation for all hours worked in excess of forty hours each week. Defendants deny that they have failed to pay plaintiff, or any of the opt-in plaintiffs, overtime pay to which they are entitled, and generally assert other defenses with respect to the claims. Defendants also dispute plaintiff's contention that they are liable for liquidated damages. The divergent views of the facts

---

[1] In class actions, which this case is not, the Court should also consider the opinion of class counsel and class representatives and the reaction of absent class members. *Id.*

and the law present bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

Having reviewed the joint motion and the confidential settlement agreement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. Additionally, the Court finds that the award of attorney's fees to plaintiff's counsel is reasonable, taking into consideration the complexity of the case and the fact that a settlement was reached relatively early in the litigation. While the Court is not in a position to assess the likelihood of success on the merits, as the parties were still conducting discovery when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement.

## IV. CONCLUSION

For all of the foregoing reasons, the Court grants the parties' joint motion (Doc. No. 30) and approves the settlement. The claims in plaintiffs' complaint are dismissed with prejudice, and this case is closed.

**IT IS SO ORDERED**.

Dated: June 3, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**